JUSTIN PENN (SBN 302350)
jpenn@hinshawlaw.com
SARA FRANKS (SBN 345940)
sfranks@hinshawlaw.com
HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
Telephone: 213-680-2800
Facsimile: 213-614-7399

Attorneys for Defendant
VELOCITY PORTFOLIO GROUP, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTIS-RAY: CASH JR., <br><br> Plaintiff, <br><br> vs. <br><br> VELOCITY PORTFOLIO GROUP, INC., <br><br> Defendant. | Case No. 2:24-CV-10357-JFW-MAA <br> (Hon. John F. Walter) <br><br> **DEFENDANT VELOCITY PORTFOLIO GROUP, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF ARTIS-RAY: CASH JR.'S COMPLAINT AT LAW** <br><br> Courtroom: 7A <br><br> Complaint Filed: December 2, 2024 |

Defendant VELOCITY PORTFOLIO GROUP, INC. ("Defendant") hereby answers the Complaint of Plaintiff ARTIS-RAY: CASH JR. ("Plaintiff"), as follows:

### INTRODUCTION

1.  I, Artis-Ray: Cash Jr., hereinafter referred to as "Plaintiff", brings this civil action for actual, punitive, and statutory damages and cost, against Velocity Portfolio Group, INC., hereinafter referred to as "Defendant" for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (hereinafter "FCRA").

**ANSWER: Defendant denies the allegations in this paragraph.**

### JURISDICTION AND VENUE

2.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C: § 168lp *et seq.*

**ANSWER: Defendant does not contest jurisdiction at this time.**

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(l) and 28 U.S.C.§ 1391(b)(2) being that the Plaintiff resides here, Defendants, transacts business here, and a substantial part of the .events, omissions, or conduct giving rise to Plaintiff's claim occurred in this judicial district.

**ANSWER: Defendant does not contest venue at this time.**

4. The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. § 1367.

**ANSWER: Plaintiff has not alleged any state law claims. To the extent Plaintiff intends to bring state law claims in the future, to the extent such claims would be permitted on amendment, Defendant denies that this Court would automatically have supplemental jurisdiction over those claims.**

## PARTIES

5. Plaintiff Artis-Ray: Cash Jr. is a natural person and consumer, as. defined under 15 U.S.C. § 1681a(c), residing in Los Angeles, California.

**ANSWER: Defendant lacks sufficient information to admit or deny the allegations in this paragraph.**

6. Upon information and belief, Velocity Portfolio Group, INC. is a New Jersey for profit corporation. Service of process for Defendant is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525.

**ANSWER: Defendant denies the allegations in this paragraph.**

7. Defendant is a furnisher.

**ANSWER: Defendant denies the allegations in this paragraph.**

8. The acts of the Defendant as described in this Complaint were performed by the Defendant or on the Defendant's behalf by its owners, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to

"Defendant" in this Complaint shall mean Defendant or their owners, officers, agents, and/or employees.

**ANSWER: Defendant denies the allegations in this paragraph.**

**FACTS**

9. On or about August 15, 2024, Plaintiff reviewed his TransUnion consumer report file # 442128337.

**ANSWER: Defendant lacks sufficient information to admit or deny the allegations in this paragraph.**

10. In the report the Plaintiff observed an unauthorized inquiry from the Defendant Velocity Portfolio Group, INC.

**ANSWER: Defendant denies the allegations in this paragraph.**

11. Defendant Velocity Portfolio Group, INC. unauthorized inquiry was made on 09/09/2022, see Exhibit A.

**ANSWER: Defendant denies the allegations in this paragraph.**

12. Plaintiff never initiated any consumer credit transaction, account relationship, or contract with Defendant and never consented to their accessing his consumer report.

**ANSWER: Defendant lacks sufficient information to admit or deny the allegations in this paragraph.**

13. Defendant lacked a permissible purpose under the FCRA for obtaining Plaintiff's consumer report.

**ANSWER: Defendant denies the allegations in this paragraph.**

14. Under 15 U.S.C. § 1681b(a)(3), a consumer report may be obtained only for certain permissible purposes, including in connection with a credit transaction involving the consumer and the collection of an "account" as defined under the FCRA.

**ANSWER: This paragraph does not contain an allegation against Defendant and as such no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.**

15. The FCRA incorporates the definition of "account" from the Electronic Funds Transfer Act, 15 U.S.C. § 1693a(2), which refers to a demand deposit, savings deposit, or other asset account established for personal, family, or household purposes.

**ANSWER: This paragraph does not contain an allegation against Defendant and as such no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.**

16. Defendant's actions did not meet this definition. There was no account between Plaintiff and Defendant that could be considered an "account" under 15 U.S.C. § 1693a(2).

**ANSWER: Defendant lacks sufficient information to admit or deny the allegations in this paragraph.**

17. Defendants' unauthorized access to Plaintiff's credit report violated Plaintiff's right to privacy and caused emotional distress, anxiety, and a sense of vulnerability.

**ANSWER: Defendant denies the allegations in this paragraph.**

## PLAINTIFF'S DAMAGES

18. Plaintiff's injury is "particularized" and "actual" in that the conduct that deprived Plaintiff of his rights was directed by Defendant to Plaintiff specifically.

**ANSWER: Defendant denies the allegations in this paragraph.**

19. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has suffered emotional distress from the Defendant unauthorized access of his credit report.

**ANSWER: Defendant denies the allegations in this paragraph.**

20. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has suffered an invasion of his privacy. This intrusion into the Plaintiff's personal information has caused a feeling of vulnerability, worry, and anxiety, which lead to sleeplessness and headaches.

**ANSWER: Defendant denies the allegations in this paragraph.**

21. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has suffered fear and anger over the invasion of his privacy.

**ANSWER: Defendant denies the allegations in this paragraph.**

22. Plaintiff's injury is "particularized" and "actual'" in that the Plaintiff has suffered loss of time into research and learning to fend against the Defendant's invasion of privacy.

**ANSWER: Defendant denies the allegations in this paragraph.**

23. Plaintiff's injury is directly traceable to Defendant's conduct because if it weren't for the Defendant's conduct, Plaintiff would not have been deprived of his rights and would not have been subject to the emotional distress, anxiety, worry and invasion of privacy caused by the Defendant's actions.

**ANSWER: Defendant denies the allegations in this paragraph.**

24. Defendant's conduct as described in this complaint was willful, with the purpose to either harm the Plaintiff or with reckless disregard for the harm to Plaintiff that could result from the Defendant's conduct.

**ANSWER: Defendant denies the allegations in this paragraph.**

25. Plaintiff justifiably fears that, absent this court's intervention, Defendant will continue to use abusive, deceptive, unfair, and unlawful means in its attempts to collect alleged debts and invade consumers privacy by continuing to access consumers information without permissible purpose.

**ANSWER: Defendant denies the allegations in this paragraph.**

26. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

**ANSWER: Defendant denies the allegations in this paragraph.**

27. A favorable decision herein would redress Plaintiff's injury with money damages.

**ANSWER: Defendant denies the allegations in this paragraph.**

/ / /

28. A favorable decision herein would serve to deter Defendant from further similar conduct.

**ANSWER: Defendant denies the allegations in this paragraph.**

## COUNT 1 – VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681b(f) DEFENDANT VELOCITY PORTFOLIO GROUP, INC.

29. All preceding paragraphs are realleged.

**ANSWER: Defendant incorporates its prior answers by reference as if fully set forth herein.**

30. This action is timely and falls within the statute of limitations in accordance with 15 U.S.C. § 1681p: (1) 2 years after the date of discovery by the Plaintiff of the violation. (2) 5 years after the date on which the violation that is the basis for such liability occurs.

**ANSWER: Defendant denies the allegations in this paragraph.**

31. The Defendant's actions violated 15 U.S.C. § 1681b(f). Permissible Purpose.

**ANSWER: Defendant denies the allegations in this paragraph.**

32. The Defendant's violations include but are not limited to the following:

(a) The Defendant violated 15 U.S:C· § 168lb(f) by failing to have permissible purpose to obtain Plaintiff's consumer report pursuant to 15 U.S.C. § 1681b.

(b) The Defendant did not have a court order to obtain Plaintiff's consumer report.

(c) Plaintiff :never gave written permission for the Defendant to obtain his consumer report.

(d) Plaintiff does not have an account, which is defined under and has the same meaning under the Electronic Funds Transfer Act 15 U .S .C. § 1693a(2), with the Defendant.

(e) Pursuant to. the Electronic Funds Transfer Act 15 U.S.C. § 1693a the term "account" means a demand deposit, savings deposit, or other asset account ( other than

an occasional or accidental credit balance in an open end credit plan as defined in section 1602(i)1 of this title), as described in regulations of the Bureau, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement;

(f) The Defendant does not have an account with the Plaintiff according to the definition above.

**ANSWER: Defendant denies the allegations in this paragraph.**

33. Defendant's purpose for accessing the report did not involve the collection of an "account" as required by 15 U.S.C. § 168lb(a)(3)(A) and defined by 15 U.S.C. § 1693a(2).

**ANSWER: Defendant denies the allegations in this paragraph.**

34. As a result of this conduct, Plaintiff suffered damage of invasion of privacy which led to anxiety, emotional distress, loss of time, fear, and loss of sleep.

**ANSWER: Defendant denies the allegations in this paragraph.**

35. As a result of the Defendant's violations of the Fair Credit Reporting Act, the Defendant is liable under 15 U.S.C. § 1681n(a)(l)(B) for damages of $1000 per violation and 15 U.S.C. § 1681n(a)(2).

**ANSWER: Defendant denies the allegations in this paragraph.**

**COUNT II VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692E(10) DEFENDANT VELOCITY PORTFOLIO GROUP, INC.**

36. All preceding paragraphs are realleged.

**ANSWER: Defendant incorporates its prior answers by reference as if fully set forth herein.**

37. 15 U.S.C. § 1692e(10) prohibits "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

///

**ANSWER: This paragraph does not contain an allegation against Defendant and as such no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.**

38. By pulling Plaintiff's consumer credit report without a permissible purpose, the Defendant used a false representation or deceptive means to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10).

**ANSWER: Defendant denies the allegations in this paragraph.**

39. As a result of this conduct, Plaintiff suffered damages of invasion of privacy, which led to anxiety, emotional distress, loss of time, fear, and loss of sleep.

**ANSWER: Defendant denies the allegations in this paragraph.**

40. As a result of the Defendant's violations of the Fair Debt Collection Practices Act, the Defendant is liable under 15 U.S.C. § 1692k(a)(l) and 15 U.S.C. § 1692k(a)(2)(A) for damages of up to $1000.

**ANSWER: Defendant denies the allegations in this paragraph.**

## PRAYER FOR RELIEF

41. Wherefore, Plaintiff Artis-Ray: Cash Jr., respectfully demands a jury trial and requests that judgment be entered in favor of the Plaintiff against the Defendant for:

   A. Actual damages under 15 U.S.C. §§ 1681n(a)(1)(A) and 1692k(a)(1).

   B. Statutory damages under 15 U.S.C. §§ 1681n(a)(1)(A) and 1692k(a)(2)(A).

   C. Punitive damages under 15 U.S.C. § 1681n(a)(2).

   D. Grant such other relief as the Court deems just and proper.

**ANSWER: Defendant denies the allegations in this paragraph and further denies Plaintiff has been injured by Defendant in any manner.**

/ / /

/ / /

# GENERAL DENIAL

Except as expressly admitted above, Defendant denies every allegation in the Complaint (including any purported allegations in the Prayer for Relief section).

# AFFIRMATIVE DEFENSES

Defendant Velocity Portfolio Group, Inc. ("Defendant"), by its attorney Justin Penn, for its affirmative defenses, states as follows:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a cause of action and fail to state factual matter sufficient to constitute a claim against Defendant that is plausible on its face.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Defendant denies Plaintiff has suffered any damages through the alleged conduct of Defendant. To the extent Plaintiff has suffered damages, the Complaint is barred in whole or in part because of Plaintiff's failure to mitigate their damages.

## THIRD AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff has waived his right to seek the relief due to his own acts and/or omissions with reference to the subject matter of the Complaint.

## FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiff, by reason of his knowledge, statements, conduct, approval, authorization, and/or ratification, is estopped from recovery herein.

/ / /

/ / /

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's claims are barred in whole or in part by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

Plaintiff is at fault with respect to the matters alleged in the Complaint, and his recovery, if any, should be barred or reduced in proportion to his comparative fault.

## SEVENTH AFFIRMATIVE DEFENSE

### (Responsibility of Third Parties)

Any injury or damage to Plaintiff, which Defendant denies and states only for purposes of its defense, was a result of the intentional, negligent or otherwise wrongful acts of third parties, and any claims against Defendant shall be reduced in proportion to the faults of the third parties.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Each of the purported causes of action set forth in the Complaint is barred by the equitable doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

### (Compliance with Governing Law)

Defendant's compliance with the statutes, rules, and regulations that govern the subject matter of this lawsuit precludes its liability to Plaintiff. Defendant has not violated the Fair Credit Reporting Act ("FCRA") or Fair Debt Collection Practices Act ("FDCPA").

## TENTH AFFIRMATIVE DEFENSE

### (Consent)

Defendant alleges that Plaintiff at all times gave his consent, express or implied, to the acts, omissions and conduct alleged in the Complaint.

/ / /

## ELEVENTH AFFIRMATIVE DEFENSE

### (Performance of Duties)

The Complaint and each purported cause of action alleged therein, is barred because Defendant fully performed any and all contractual, statutory, and/or other duties it arguably owed to Plaintiff under applicable law.

## TWELFTH AFFIRMATIVE DEFENSE

### (Bona Fide Error)

Defendant denies it violated the FDCPA. To the extent that it did, Defendant affirmatively states that the alleged violations of the FDCPA were not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing / No Injury In Fact)

Plaintiff has incurred no injury in fact, and thus does not have standing to bring the instant claims under Article III of the United States Constitution.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations - FDCPA)

FDCPA claims are subject to a one-year statute of limitations per 15 U.S.C. § 1692k. To the extent Plaintiff alleges FDCPA violations that fall outside of that period, they are barred.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations – FCRA)

To the extent Plaintiff alleges FCRA violations that fall outside of the statute of limitations period set forth by 15 U.S.C. § 1681p, they are barred.

/ / /

/ / /

/ / /

/ / /

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Materiality)

The alleged misrepresentations and/or misconduct and/or violations (if any) are not material and, therefore, are not actionable. *See Donahue v. Quick Collect, Inc.*, 592 F.3d 1027 (9th Cir. 2010).

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (De Minimis Violation)

Any alleged violation was technical, non-material and/or de minimis in nature and, therefore, does not support a finding of liability or an award of damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Lack of Damages)

Plaintiff has suffered no actual or economic damages as a result of any conduct of Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Willful or Knowing Violation)

Plaintiff is precluded from recovering damages for a willful or knowing violation because any violation, which Defendant denies, was not willful or knowing.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Authorized Purpose)

To the extent that Defendant obtained Plaintiff's consumer report, Defendant obtained said report for a permitted purpose.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Unknown Affirmative Defense)

Defendant presently has insufficient knowledge and information on which to form a belief as to whether it has additional affirmative defenses at this time, and Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates such defenses would be appropriate.

/ / /

| | |
|---|---|
| Dated: June 13, 2025 | HINSHAW & CULBERTSON LLP<br><br>By: */s/ Justin Penn*<br>JUSTIN PENN<br>SARA FRANKS<br>Attorneys for Defendant<br>VELOCITY PORTFOLIO GROUP, INC. |